No. 5006.

(Court of Appeal, Parish of Orleans.)

## MORGAN'S LOUISIANA & TEXAS R. R. AND S. S. CO. vs. THE LEON GODCHAUX CO. LTD.

Denegre & Blair and Leovy for plaintiff and appellant.

Foster, Milling, Godchaux & Brian for defendant and appellee.

ST. PAUL, J.—This controversy involves only questions of fact, and grows out of circumstances purely accidental and having independently no bearing on the rights of the parties. Their coincidence, however, tends to confuse and cloud the real issues.

Plaintiff operates a line of railroad which crosses a

sugar plantation belonging to defendant. It was granted its right of way on the conditions, among others, that it should place drains or culverts through its said right of way at such places, and of such sizes, as might be decided upon by defendant as necessary for the purpose of draining its lands, and make such changes in the location or size thereof as might, from time to time, be found necessary by defendant.

Without going into details, suffice it to say that some years ago defendant entered upon a new and costly plan of drainage, which, according to their oath, they propose to carry out in a certain manner as soon as certain other drainage work is completed. This work is not inconsistent with, but is ultimately to form part of, the new system, and, in their opinion, is presently more important than the completion of the new system.

This new system contemplates a double drainage by means of a canal passing through the plantation and connecting with two independent water courses, one in front and one in the rear. The direction of the flow will, therefore, always be towards that stream, the level of which is lowest at any given time; so that defendant's will thereby obtain at all times the benefit of a more economical and more thorough drainage than at present.

It is admitted even by plaintiff's own engineer that if completed the system will be highly advantageous to defendant's lands.

We, therefore, dismiss any further consideration of the merits of the proposed plan of drainage.

It is clear that if defendants are in good faith, plaintiff must provide a proper culvert through and across its right of way; and that good faith would at once be apparent if defendants were engaged at this time in completing that part of the work necessary to connect the two streams, instead of having turned aside to other portions of the work.

It is here that the confusion arises. The first accidental circumstance to which we have referred was the discovery that the canal might be made to do a double service. Owing to the great depth it could be used economically for bringing water to the sugar-house as well as for drainage purposes. This caused defendants to change the line of the canal so as to bring it nearer the sugar-house, and in order to take immediate advantage of this possibility, it was determined to continue the canal as far as the sugar-house at once, and before completing the other work to which we have referred as being more important at present than the finishing of the main canal.

Taken alone, the fact that the canal now runs up to the sugar-house and there stops, might very naturally lead to the conclusion that the alleged incidental use of the canal was, in fact, the main purpose thereof.

But now that the evidence has been taken and the circumstances fully explained, that conclusion would no longer be tenable, unless on the assumption that the chief officers of the defendant corporation, men of high standing and honorable repute, have grossly forsworn themselves, and for the sake of a small advantage to the corporation of which they are members, have trumped up an imaginary drainage scheme for the purpose of unjustly imposing on plaintiff part of the cost of what is, in fact, only a system of water supply. We do not think such an assumption is warranted, nor do we understand that plaintiff so contends.

The other circumstances to which we have referred is that defendant's sugar-house lies on that side of the railroad track on which the canal is not yet completed. In order to reach the sugar-house it was necessary to carry the canal across plaintiff's right of way and a few hundred feet beyond. A canal of the size of this one was not necessary at that point as part of the existing drain-

age plan, and, for the present, the canal at that point is used principally to supply water to the sugar-house. Its use for that purpose (during the three months of the year) was undoubtedly the reason of carrying it across the right of way at this time.

But this was purely accidental. Assuming that the canal forms part of a drainage plan which defendants intend to carry out, we cannot see how they can be controlled in the order in which they propose to do the work. When defendants reached the right of way and were about to cross with their dredge, plaintiff would have no right to prevent their doing so; nor could it have insisted, as a condition precedent, that the work should then continue without intermission until completed. As long as the canal was, **bona fide,** part of a plan of drainage, plaintiff was without interest in the time or manner of its completion. The fact that defendant intended for the present to go only a few hundred feet beyond the right of way would have afforded plaintiff no good ground for objecting.

And we are unable to see how defendant's right can be affected by the fact that by completing those few hundred feet at this time, they are able to take immediate advantage of one of the incidental benefits to be derived from the canal; by the fact that, owing to this benefit, they chose to exercise their right at once instead of later on.

The judgment appealed from appears to us as correct, and it is affirmed.

Godchaux, J., recused.